UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA D. PEREZ, | |
| Petitioner, | |
| -against- | 1:26-CV-4236 (LTS) |
| FEDERAL BUREAU OF INVESTIGATIONS; PRESIDING JUDGE HUDSON COUNTY NEW JERSEY COURT; RAMON F. MOYA, | TRANSFER ORDER |
| Respondents. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Angela D. Perez, also known as Angela Perez Dowling, of Harrison, New Jersey, brings this *pro se* action asserting claims that seem to arise, at least in part, from a court order issued by a New Jersey state-court judge presiding in Hudson County, New Jersey, that determined parental custody of Petitioner's son, who is now an adult.[1] Petitioner sues: (1) the Federal Bureau of Investigation ("FBI"); (2) what appears to be the abovementioned New Jersey state-court judge; and (3) Ramon F. Moya, who may be the father of Petitioner's adult son.

For the reasons set forth in this order, the Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

The appropriate venue provision for Petitioner's claims against the opposing parties other than the FBI is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action must be brought in a United States District Court for:

---

[1] Because Petitioner reveals in her complaint what appear to be the complete dates of birth of other individuals, which normally should only be referred to by revealing the years of those individuals' births, *see* Fed. R. Civ. P. 5.2(a)(2), the Court has directed the Clerk of Court to restrict electronic access to the complaint.

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The appropriate venue provision for Petitioner's claims against the FBI is found at 28 U.S.C. § 1391(e)(1), which provides that, unless otherwise provided by law, any civil action brought against a federal agency must be brought in a United States District Court for:

any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

§ 1391(e)(1).

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

With respect to Petitioner's claims against the opposing parties other than the FBI, Petitioner[2] does not allege any facts regarding those parties' residencies, including whether they reside within the State of New York or within this judicial district.[3] Thus, it is not clear that this court is a proper venue for those claims under Section 1391(b)(1). Even if the Court assumes

---

[2] For the purposes of this order, the Court regards Petitioner Angela D. Perez as Plaintiff and the Respondents as Defendants.

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

that, with respect to those claims, venue is proper in this court under Section 1391(b)(1), because it appears that a significant portion of the alleged events have occurred within the State of New Jersey (*see* ECF 1, at 1-3), within the District of New Jersey, *see* 28 U.S.C. § 110, the United States District Court for the District of New Jersey is a proper venue for Petitioner's claims against the opposing parties other than the FBI under Section 1391(b)(2).

Petitioner does not allege any facts about the FBI. Nonetheless, a federal agency, such as the FBI, resides where it is headquartered. *See New York v. Pruitt*, Nos. 1:18-CV-1030 (JPO), 1:18-CV-1048 (JPO), 2018 WL 2411595, at *3 (S.D.N.Y. May 29, 2018) (citing, *inter alia*, *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978)); *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 463-64 (S.D.N.Y. 2005) (Marrero, D.J.) (quoting *Reuben H. Donnelley Corp.*, 580 F.2d at 267). The FBI is headquartered, like many other federal agencies, in Washington, D.C., *Hetzler v. Record/Info. Dissemination Section*, No. 07-CV-6399, 2012 WL 13180818, at *2 (W.D.N.Y. Aug. 13, 2012); *see Dowling v. FBI*, No. 1:26-CV-3147 (LTS), 2026 WL 1197616, at *1 (S.D.N.Y. Apr. 29, 2026), within the District of Columbia, which constitutes one federal judicial district, *see* 28 U.S.C. § 88. Indeed, the Court put Petitioner on notice of this in its April 29, 2026 order in *Dowling*, 1:26-CV-3174 (LTS). *See Dowling*, 2026 WL 1197616, at *1. Thus, with respect to Petitioner's claims against the FBI, the United States District Court for District of Columbia, and not this court, is a proper venue under Section 1391(e)(1)(A).

As discussed above, a significant portion of the alleged events have occurred within the State of New Jersey (*see* ECF 1, 1-3), within the District of New Jersey, *see* § 110. Thus, under Section 1391(e)(1)(B), the United States District Court for the District of New Jersey is also a proper venue for Petitioner's claims against the FBI.

Moreover, because Petitioner resides within the District of New Jersey, and because her claims do not appear to involve real property (real estate), the United States District Court for the District of New Jersey is additionally a proper venue for her claims against the FBI under Section 1391(e)(1)(C).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

While the Court cannot confirm that this court is a wrong venue for Petitioner's claims against the opposing parties other than the FBI, nonetheless, under Section 1404(a), transfer appears to be appropriate for those claims. This is because a significant portion of the alleged events have taken place within the State of New Jersey, within the District of New Jersey. Thus, it is reasonable to expect that relevant documents and witnesses would be located within that judicial district. The United States District Court for District of New Jersey appears to be a more convenient forum for Petitioner's claims against the opposing parties other than the FBI.

Accordingly, the Court transfers those claims to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

With respect to Petitioner's claims against the FBI, however, it is clear that this court is a wrong venue for such claims. Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, with respect to Petitioner's claims against the FBI, Petitioner alleges nothing to suggest that this court is a proper venue for those claims under any provision of Section 1391(e)(1). It is clear, as discussed above, however, that the United States District Court for the District of Columbia is a proper venue for her claims against the FBI under Section 1391(e)(1)(A), and that the United States District Court for the District of New Jersey is a proper venue for her claims against the FBI under Section 1391(e)(1)(B) and (C). In light of Petitioner's *pro se* status, and because the Court is also transferring Petitioner's other claims to the United States District Court for the District of New Jersey, in the interest of justice, the Court transfers Petitioner's claims against the FBI to that court as well. *See* § 1406(a); *cf. Kahn v. Nat'l R.R. Passenger Corp.*, No. 85-CV-3586 (CSH), 1986 WL 1456, at *4 (S.D.N.Y. Jan. 28, 1986) (holding, while conducting a transfer analysis under Section 1404(a), that "[p]erhaps the most important factor favoring transfer is that judicial economy would be served by having all . . . of these related actions assigned to the same court").

**CONCLUSION**

The Court transfers all of the claims asserted in this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. §§ 1404(a), 1406(a). Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.[4]

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 2, 2026
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

---

[4] The Court notes that, by order dated May 26, 2026, the court recounted Petitioner's history of filing non-meritorious *pro se* civil actions in this court and directed her to show cause why the court should not bar her from filing further civil actions in this court *in forma pauperis* without first obtaining the court's permission. *Perez v. US Treasury Inspector Gen.*, ECF 1:26-CV-4161, 5 (S.D.N.Y. May 26, 2026).